Argued November 7, affirmed December 12, 1962, petition for re-
hearing denied January 15, 1963

## MENNIS *v.* CHEFFINGS ET AL

376 P. 2d 672

*Malcolm F. Marsh,* Salem, argued the cause for
appellants. On the brief were Goodenough, Clark &
Marsh, Salem.

*Keith D. Evans,* Salem, argued the cause for
respondent. With him on the brief was Evans & Miller,
Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and DENECKE, Justices.

ROSSMAN, J.

This is an appeal by the defendant from a judgment, based upon the verdict of a jury, which the circuit court entered in favor of the plaintiff in the amount of $5,275. The complaint averred that the defendant drove its truck negligently into collision with the plaintiff's truck and thereby caused damage to the latter in the sum of $5,275.

The collision occurred June 2, 1960, about 8:30 a.m. on a private, winding, mountain road in Tillamook County. Both trucks were engaged in hauling crushed rock a distance of approximately three miles. Two other trucks were also engaged in the operation.

The road (private) upon which the collision occurred had a graveled surface and at the point where the trucks collided curved sharply to the plaintiff's left. At that point a culvert which lay under the road's surface traversed its width. The road at that place measured only 14 feet in width. To insure adequate drainage the road sloped down slightly from both sides of the culvert. Thus, both approaches to the culvert were slightly downgrade for a few feet.

At the time of the accident the plaintiff was driving his truck in a direction which was generally easterly. It was loaded with ten yards of crushed rock, and in that condition weighed 21 tons. The defendant's truck, which was empty, was driven by the defendant's employee, Al Camp. It was proceeding in a westerly direction. Both trucks were approaching the culvert, but from opposite directions. The view of each along the road was obscured by an embankment which rose

from the left of the plaintiff. The embankment was caused by the deep cut which was made in the mountainous terrain when the road was built. It arose only a foot from the edge of the road. Since the embankment obscured the view, neither driver saw the other until he was within 60 feet of him.

Both drivers testified to a custom which directs that when two trucks meet under the circumstances which we have described, the loaded truck has the right of way. The custom requires the loaded truck to take the inside lane, that is, the lane in the roadway which lies closest to the embankment. In turn, the empty truck moves to the outside edge of the roadway as far as is practicable. Further, the custom demands that if the road is so narrow that only one truck can safely pass along it, the empty truck must stop in a wider portion of the road until the loaded one has passed through.

In the case before us the curve, as we have said, was to the plaintiff's left and he was required by the custom to keep as close to the embankment as was practicable. On the other hand, since the defendant's driver (Al Camp) was driving an empty truck, the custom required him to keep to his left side of the road which was the outside edge of the curve.

At the moment that Camp saw the plaintiff's truck, he (Camp) was in the middle of the road and was in the process of crossing the culvert. He immediately proceeded to steer his truck to the left or outside half of the road. Seeing that the road was too narrow for the vehicles to pass safely at the culvert, and thinking that he could not stop in the short distance which separated the two vehicles, Camp accelerated his speed in an effort to reach the wider portion of the road

which lay a short distance ahead. In this manner he hoped to avoid a collision. His hopes were in vain. The plaintiff, unlike Camp, had applied his brakes, but his right front wheel struck the defendant's truck just behind the cab. Both vehicles were badly damaged as a result of the collision.

The defendants' sole assignment of error is based upon the rejection by the circuit court of their motions for an involuntary nonsuit and for a directed verdict. The motions follow:

"At this time the defendant would move for an order of involuntary nonsuit against the plaintiff on the ground and for the reason that, by the plaintiff's own testimony, he has performed contributory negligence against himself in the respect that he did not yield more than one-half of the main traveled portion of the road; also growing out of that he did not yield the right-of-way and did not keep a proper lookout or proper control. I think, irrespective of this custom, the duty of the driver is still to stay on his own side of the road, whichever that might be, and by his own admission he was at least a foot over what would be the center line of the road at the time of impact. I think that is contributory negligence if nothing else and I think our nonsuit should be granted because of it."

"At this time the defendants would move for a directed verdict on the ground that by the undisputed evidence the plaintiff was guilty of negligence which proximately caused this accident, or certainly contributed to it. The motion is on the same grounds as our motion for nonsuit; the plaintiff admits he was over the center of the road at least a foot or more and could have gotten further to his left had he driven to his left."

The defendants contend that the plaintiff was driving the truck with its right wheels partially over the

center of the road, and that his action in so doing rendered him guilty of contributory negligence per se. From those premises the defendants reason that there was no question for the jury. In support of this argument they contend that the violation of an established custom is negligence as a matter of law. In their brief they concede that our statute regulating motor vehicle traffic on the public thoroughfares does not apply to private roads. But, beginning with the questionable premise that a violation of our statute's mandate to drivers on public highways to keep to the right when passing oncoming vehicles invariably is negligence per se, they, by a somewhat equivocal process, arrive at the conclusion that a violation of a custom which regulates a limited kind of traffic on a private road is also negligence per se. Although the defendants make a number of related arguments, their contentions seem to reduce themselves to the question as to whether the violation of a custom is negligence as a matter of law.

We quote the following from *Zimmerman v. West Coast Trans-Oceanic Steamship Lines,* 199 Or 78, 258 P2d 1003 (1953):

"* * * The usual method of carrying on an operation may be shown, not as establishing the standard of reasonable care as a matter of law, but as evidence for the consideration of the jury in its determination as to whether the method used was reasonable. * * *"

See also *Silver Falls Timber Co. v. Eastern & Western Lumber Co.,* 149 Or 126, 40 P2d 703 (1935); *Hise v. City of North Bend,* 138 Or 150, 6 P2d 30 (1931). 1 Shearman and Redfield on Negligence, Sec. 10, p. 18, says:

"General usage or custom may be shown in order

to establish a standard of diligence to which the party sought to be charged is required to conform. It is a test of negligence, but not a conclusive or controlling test."

And 65 CJS, Negligence, Sec. 16, p. 405, states:

"* * * Customary methods or conduct do not, however, furnish a test which is conclusive or controlling on the question of negligence or fix a standard by which negligence is to be gauged. * * * the standard of due care is such care as a prudent person would exercise under the circumstances of the particular case, and conformity to customary or usual conduct or methods cannot amount to more than a circumstance to be considered together with other circumstances of the case in determining whether due care has been exercised."

The above statements make it clear that violation of a custom is not negligence as a matter of law, but is merely evidence which the jury must consider together with all the other evidence in the particular case in determining whether negligence exists as a matter of fact. It follows that the circuit court properly submitted the question of plaintiff's contributory negligence to the jury, and that the defendants' assignment of error is without merit. The challenged judgment is affirmed.